UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL S. DOHERTY,

    Plaintiff,

v.

JONATHAN L. BORISCH, et al.,

    Defendant.

_____/

Case No. 1:25-cv-308

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

On May 13, 2025, the Magistrate Judge issued a Report and Recommendation in this case, recommending that the action be dismissed with prejudice. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 59). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court performs de novo consideration of those portions of the Report and Recommendation to which objections have been made. However, Plaintiff's short remarks do not identify any way in which the Magistrate Judge erred in his legal reasoning or ultimate conclusion. Instead, seemingly in light of the Magistrate Judge's recommendation, Plaintiff reiterates his argument that the undersigned is not impartial. Disagreement with a court's judicial rulings does not constitute grounds for recusal. *Liteky v. United* States, 510 U.S. 540, 556 (1994). As previously stated, the undersigned does not know of any facts which would undermine the appearance of impartiality in this case, no reasonable person would question the undersigned's impartiality in this case, and the undersigned has no disqualifying relationship with any Defendant (ECF No. 11 at PageID.999).

The Magistrate Judge concluded that this case should be dismissed with prejudice under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). In *Apple*, the Sixth Circuit counseled that a district court may at any time *sua sponte* dismiss any complaint, even a fee-paid *pro se* complaint, for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (6th Cir. 1999). The Magistrate Judge observed that Plaintiff's pleading is extremely difficult to read and understand. Throughout, discernable allegations are conclusory and discernable claims are legally unsupported due to doctrines such as sovereign immunity, judicial and prosecutorial immunity, and the *Heck* bar, as explained more fully by the Magistrate Judge (ECF No. 50 at PageID.1686–1689). Plaintiff did not object to the Magistrate Judge's reasoning or conclusion. In any event, the Magistrate Judge correctly applied the apposite legal standard. Accordingly, this case is properly dismissed.[1] Also pending in this case are myriad motions filed by Plaintiff and four motions to dismiss brought by different Defendants. Because the Court closes this case, these motions are properly dismissed as moot.

---

[1] The Court notes that the Magistrate Judge recommended, in the alternative, that Plaintiff be given 21 days to file an amended complaint that conforms to Rule 8 of the Federal Rules of Civil Procedure (ECF No. 50 at PageID.1690). The Magistrate Judge expressly recommended that Plaintiff be limited to "30 pages;" be required to "allege, in chronological order, what each Defendant did or did not do on each date;" and be "warned that his failure to … adequately file a complaint conforming to Rule 8 and the Court's orders may result in the dismissal of his case with prejudice" (ECF No. 50 at PageID.1690–91). After the Report and Recommendation was issued, Plaintiff filed a motion for leave to file an amended complaint, indicating that he did so under the impression that the Magistrate Judge's alternative recommendation had been adopted (ECF No. 64 at PageID.1967). Even if the Court had adopted the Magistrate Judge's alternative recommendation, Plaintiff's motion for leave to file an amended complaint would be properly denied for failure to conform to the Magistrate Judge's specifications. The proposed pleading (ECF No. 65) is nearly 90 pages long. Once again, it is not possible to discern with any specificity what Plaintiff is alleging Defendants did nor did not do. Nor is it possible to connect Plaintiff's assertions of fact to elements of legally supportable causes of action.

A Judgment will be entered consistent with this Opinion and Order.  *See* Fed. R. Civ. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 59) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 50) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that all pending motions are DISMISSED AS MOOT.


Dated:  July 31, 2025                    /s/ Jane M. Beckering
                                        JANE M. BECKERING
                                        United States District Judge